UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL KERN,
On behalf of himself and others
similarly situated,

                                          CASE NO.: 6:20-cv-1659-Orl-78LRH

         Plaintiff,

                                        FLSA COLLECTIVE ACTION

v.

NUTECH NATIONAL SOLAR LLC, a Florida
Limited Liability Corporation and
NFS MONITORING, INC.
a Florida for Profit Corporation,

         Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, MICHAEL KERN ("Plaintiff"), and Defendants, NUTECH NATIONALSOLAR, LLC, a Florida Limited Liability Corporation, and NFS MONITORING, INC., a Florida Corporation ("Defendant"), pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), submit their joint motion for approval of settlement, and state as follows:

### Background

1.    This is an action for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA").

2.    Plaintiff was employed by Defendant as a Senior Site Technician from on or about 2016 through on or around February 3, 2020.

3.    Plaintiff contends he was a non-exempt, salary-paid employee for Defendant and Defendant did not pay him overtime.

4.    Defendant, on the other hand, contends Plaintiff was properly compensated at all times during his employment. Defendant denies that Plaintiff was misclassified as an exempt employee and also denies Plaintiff is entitled to any relief whatsoever.

5.    Defendant made accusations against Plaintiff concerning his work laptop and threatened destruction of property (including his time records), retention of Company property, computer fraud and abuse and miscellaneous claims against Plaintiff, which Plaintiff adamantly denies and denies any liability and/or other wrongdoing.

6.    Accordingly, there is a bona fide, good faith dispute regarding whether Plaintiff is owed any money under the FLSA.

7.    Pursuant to _Lynn's Food Stores, Inc. v. United States_, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The Parties acknowledge that any settlement agreement resolving Plaintiff's FLSA Claim must be approved by the Court. As

such, the Parties have agreed to a written settlement agreement to settle the FLSA claims. The terms of the settlement agreement were negotiated during a settlement conference held before the Honorable United States Magistrate Judge Gregory J. Kelly on April 1, 2021.

8.    To avoid the costs and uncertainty of further litigation, the Parties have negotiated a settlement in this matter. The Settlement Agreement entered into between the parties is attached hereto as Exhibit A. Without acknowledging any wrongdoing, Defendant agreed to pay Plaintiff an amount as unpaid wages, liquidated damages and attorneys' fees and costs, as full settlement of his FLSA claim. Plaintiff has agreed to accept this sum. Plaintiff acknowledges that this constitutes valuable consideration for release and dismissal of his FLSA claim.

9.    In addition, in exchange for the General Release of Plaintiff, Plaintiff agrees to a "No-Re-Hire" provision in the Settlement Agreement. The parties agree that this exchange is not an impermissible "side agreement," but is instead a fair and reasonable resolution of a dispute between the parties discussed during the April 1, 2021 settlement conference with Judge Kelly.

10.    The Parties respectfully request that this Court enter an Order approving the FLSA Settlement Agreement and dismissing this action with prejudice, as the settlement is both fair and reasonable.

## Memorandum of Law

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the Fair Labor Standard Act's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. See *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)). Based upon these principals, there are only two (2) ways in which back wage claims arising under the FLSA can be settled or compromised by employees - claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. See *Lynn's Food Stores*, 679 F.2d at 1352-1353 (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See id. at 1353-1354. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)     the existence of fraud or collusion behind the settlement;

(2)    the complexity, expense, and likely duration of the litigation;

(3)    the stage of the proceedings and the amount of discovery completed;

(4)    the probability of Plaintiff's success on the merits;

(5)    the range of possible recovery; and

(6)    the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007); see also *Hill v. Florida Industrial Elec., Inc.,* No. 6:06-cv-915-Orl-31-JGG, 2007 U.S. Dist. LEXIS 9498, at *6, (M.D. Fla. Feb. 9, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. See *Hamilton*, 2007 U.S. Dist. LEXIS 10287 at *2-3.

As to the *first factor*, there is no fraud or collusion behind the settlement. Plaintiff was represented by counsel when he made his FLSA Claim against Defendant, who was also represented by counsel. The attorneys in this case are all experienced in handling FLSA matters and the settlement was negotiated with the assistance of a Settlement Conference facilitated by Magistrate Judge Kelly. The Parties decided to resolve the FLSA Claim due to the disputed issues of fact and law and the inherent risks and cost of litigation.

As to the _second factor_, the expense of this matter is great due to Plaintiff's claims potentially dating back three years, the number of depositions and number of documents that are relevant in this case. The Parties conducted initial discovery both reviewing the amounts Plaintiff claimed he worked and various records of Defendant with respect to hours reported to be worked by Plaintiff. The Parties were also about to commence extensive discovery in this case. The Parties would have to expend significant time and resources in preparation for depositions, additional interrogatories, additional requests for production, trial, as well as attendance at the depositions and trial. Additionally, there is the possibility that the non-prevailing party would appeal the verdict. The expense of litigation to the Defendant is far greater than the amount of the settlement.

As to the _third factor_, the litigation is currently in the early stages – no depositions have been taken and the case has not been set for trial yet. However, the Parties conducted an extensive review and analysis of all available records evidencing hours the Plaintiff worked.

As to the _fourth factor_, there are several heavily disputed issues. The Parties disagree whether Plaintiff is due any unpaid wages or overtime. The Parties agree that there is undoubtedly a bona fide dispute as to several key issues in this case, which contributes to significant uncertainty as to the likelihood that Plaintiff will prevail on the merits.

As to the *fifth factor*, should Defendant prevail based on any their defenses, Plaintiff could recover nothing, and may owe a cost judgment to Defendant. Conversely, if Plaintiff prevails as to every issue, he could obtain a judgment for overtime, liquidated damages, and attorneys' fees and costs. The range of possible recovery far exceeds the settlement amount. Consequently, the Parties recognize the inherent uncertainty and risks in proceeding with this litigation. In recognition of these concerns, the Parties have agreed to resolve this action.

As to the *sixth factor*, the Parties' respective counsels are satisfied, when considering the aforementioned issues, that the Agreement fairly resolves the dispute between them in the instant action. "If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346 (M.D. Fla. 2010). The Parties stipulate to the dismissal with prejudice of the instant action upon such Court approval. Accordingly, the Parties request that the Court approve the FLSA Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

With respect to the attorneys' fees paid pursuant to the Settlement Agreement, the Parties also agreed that the amount to be paid to Lytle & Barszcz, P.A. is fair and reasonable. Plaintiffs' counsel will be paid $12,000.00 for attorneys' fees and costs pursuant to the Settlement Agreement. Plaintiffs'

counsel's firm expended 85.50 hours in this case through the filing of this Motion, totaling $27,606.00 in billings to date. Plaintiffs' counsel also incurred $604.00 in costs in this case. As such, the attorneys' fees paid in this case are reasonable and should be approved.

WHEREFORE, the Parties pray that this Court will enter an order approving the FLSA Settlement, dismissing this action with prejudice, and granting any other relief the Court deems just.

Dated this 21st day of April, 2021.

<table>
<tr><td>

*/s/ Mary E. Lytle*
Mary E. Lytle, Esq.
Florida Bar No.: 0007950
David V. Barszcz, Esq.
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Drive,
Second Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney

**COUNSEL FOR
PLAINTIFF**

</td><td>

*/s/ Kristin M. Ahr*
Kristin M. Ahr, Esq.
Florida Bar No.: 63290
NELSON MULLINS BROAD AND CASSEL
One North Clematis St., Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 832-3300
Facsimile: (561) 655-1109
Kristin.Ahr@nelsonmullins.com
Secondary:brooke.werner@nelsonmullins.com

**COUNSEL FOR DEFENDANT**

</td></tr>
</table>